**Robert L. DAVIS, Appellant,**

v.

**DRESSER INDUSTRIES, INC. and Joy Manufacturing Company, Appellees.**

No. 11–89–215–CV.

Court of Appeals of Texas, Eastland.

Nov. 29, 1990.

Rehearing Overruled Jan. 10, 1991.

Randall D. Wilkins, Edward D. Hennessy, Jack Martin, Houston, Walter A. Locker, III, Odessa, Jim Barker, Houston, Carson Smith, Amarillo, for appellant.

Kent C. Sullivan, Davis & McFall, P.C., Darrel E. Reed, Jr., Doyle, Reed, Restrepo, Harvin & Robbins, E. John Gorman, C. Al Hammaker, Hutcheson & Grundy, Houston, for appellees.

OPINION

DICKENSON, Justice.

This appeal involves a badly injured plaintiff, Robert L. Davis, who claims that Dresser Industries, Inc. and Joy Manufacturing Company (two manufacturers of nondefective component parts which were incorporated into an allegedly defective product) are legally liable for his injuries. The trial court granted motions for summary judgment filed by these two defendants and severed these claims from plaintiff's claims against Weiss Corporation, the manufacturer of the finished product.[1] We af-

---

**1.** The briefs indicate that Davis settled his claims against Weiss for a substantial sum of money.

firm.[2]

Davis was injured on October 9, 1983, while working for his employer, Royal Drilling Company, on its Rig #1 in Gaines County. The rig had been manufactured by Weiss in accordance with Royal's specifications. One of the rig's component parts was a "rotary table" manufactured by Dresser, and another one of its component parts was a "kelly bushing" manufactured by Joy. Royal made the decision not to purchase a "kelly bushing guard" (which would have kept the spinning chain away from the kelly bushing and prevented Davis' injury). Even after Davis' injury, Royal did not equip its rigs with kelly bushing guards. Royal did increase its safety training programs.

Davis was the member of a five person drilling crew "that ran the spinning chain" to add joints to the string of drill pipe. The spinning chain came into contact with the kelly bushing and pulled Davis into the string of spinning pipe. Both of his legs were traumatically amputated above the knee, and he has lost some of the use of his right arm. Davis sought damages from all three defendants, jointly and severally, for $4,659,000.00 in actual damages and $5,000,000.00 in punitive damages. Davis made claims against each defendant under theories of: (a) strict liability; (b) implied warranty;[3] and (c) negligence.

The summary judgment proof shows that the two component parts involved in this appeal were not defective.[4] Davis seeks to impose a duty on Dresser and Joy to protect him against danger from the foreseeable use of their component parts, suggesting that each of them should have designed its product so that it could not be used without a guard to keep the spinning chain away from the kelly bushing. Davis also argues that Dresser and Joy had a duty to warn Royal or Weiss of the danger of manufacturing a drilling rig without a kelly bushing guard.

Neither Dresser nor Joy had any role in the design, assembly, or sale of the drilling rig. Royal made the decision for Weiss to manufacture the rig without a kelly bushing guard, and both Royal and Weiss were aware of the inherent dangers associated with the rotating equipment on drilling rigs.

Appellees cite the case of *Noonan v. Texaco, Inc.*, 713 P.2d 160 (Wyo.1986), which involves strikingly similar facts and in which similar claims were made against both of them. The Wyoming Supreme Court, in holding that summary judgment was correctly granted as to the claims made against them, stated:

> Joy and Dresser manufactured only component parts which were assembled as part of the oil rig by another party. Joy and Dresser had no control over the manner in which the drilling rig was constructed nor did they have anything to do with a decision concerning the assembly of safety features.

Appellees also cite *Koonce v. Quaker Safety Products & Manufacturing Company*, 798 F.2d 700 at 715 (5th Cir.1986), which quotes *Bennett v. Span Industries, Inc.*, 628 S.W.2d 470 at 472 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.):

> Under Texas law, strict liability for component part manufacturers is limited when the component part is integrated into a larger unit before distribution.... If the component part manufacturer does not take part in the design or assembly of the final system or product, he is not liable for defects in the final product if the component part itself is not defective.

See also *Wenrick v. Schloemann–Siemag Aktiengesellschaft*, 523 Pa. 1, 564 A.2d 1244 at 1248 (1989), where the Pennsylvania Supreme Court said in connection with

**2.** This appeal was transferred from the 1st Houston Court of Appeals to this Court pursuant to TEX.GOV'T CODE ANN. § 73.001 (Vernon 1988).

**3.** Davis states in his brief that he abandoned the breach of warranty theory prior to the trial court's entry of judgment.

**4.** The rotary table which was manufactured by Dresser, and the kelly bushing which was manufactured by Joy.

a judgment non obstante veredicto for the manufacturer of a component part:

> The appellant's expert's opinion as to duty, and the appellant's argument on this appeal, amount to no more than an assertion that knowledge of a potential danger created by the acts of others gives rise to a duty to abate the danger. We are not prepared to accept such a radical restructuring of social obligations.

See also *Childress v. Gresen Manufacturing Co.*, 888 F.2d 45 at 49 (6th Cir.1989), a case involving Michigan law, where the court said:

> [A] component part supplier has no duty, independent of the completed product manufacturer, to analyze the design of the completed product which incorporates its nondefective component part.

The cases cited by appellant are distinguishable on their facts. For example, *Aluminum Company of America v. Alm*, 785 S.W.2d 137 (Tex.1990), involved a defendant which "designed, patented, manufactured, and marketed a closure system for applying aluminum caps to carbonated soft drink bottles"; *General Motors Corporation v. Hopkins*, 548 S.W.2d 344 (Tex. 1977), involved a defendant which manufactured a pickup truck, not the manufacturers of nondefective component parts of the vehicle; *Firestone Tire & Rubber Co. v. Battle*, 745 S.W.2d 909 (Tex.App.—Houston [1st Dist.] 1988, writ den'd), involved a defendant which manufactured the tire which exploded; and *Rego Company v. Brannon*, 682 S.W.2d 677 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), involved the manufacturer of a control valve which did not contain any warning of the fact that it was "equipped with an automatic relief device" which would release the pressurized gas when the internal pressure exceeded a preset limit. All of the points of error are overruled.[5]

5. Appellant argues in Point One that: "The Trial Court erred in granting the summary judgment in favor of Dresser and Joy." This is sufficient under *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 at 121 (Tex.1970), to allow argument

The judgment of the trial court is affirmed.

as to all the possible grounds upon which Davis contends that summary judgment should have been denied. The other four points are directed to his specific contentions.