Linda Katherine FARMER, Appellant,

v.

BEN E. KEITH COMPANY, Appellee.

No. 2–93–216–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 19, 1994.

Rehearing Overruled Dec. 6, 1994.

Ken Wigginton, Ken Wigginton, P.C. & Associates, Wichita Falls, for appellant.

William L. Latham, McDonald Sanders, Fort Worth, for appellee.

Before HILL, C.J., and DAY and FARRAR, JJ.

## OPINION

FARRAR, Justice.

■ This case addresses the effect on appellate timetables when a plaintiff files a supplemental original petition which abandons all outstanding, unlitigated claims while reasserting a claim on an issue on which the trial court has already signed a partial summary judgment. We conclude appellant's supplemental petition made the interlocutory summary judgment a final judgment and triggered the appellate timetables. Because appellant failed to perfect her appeal within the prescribed time limit, her appeal is untimely. We dismiss the cause for want of jurisdiction.

Farmer suffered a series of on-the-job injuries which ultimately prevented her from working for one year. Her employer, Ben E. Keith Company, a non-subscriber to the Texas Workers Compensation System, paid Farmer 75% of her salary and most of her medical bills while she was incapacitated. When Farmer obtained her physician's release to return to work, she was informed there were no openings and was terminated.

On March 14, 1991, Farmer brought suit asserting common law negligence and breach of contract claims. The breach of contract pleading asserted the employee handbook constituted a contract which Keith had breached. On November 13, 1992, Keith moved for summary judgment. The motion was supported by affidavits and a copy of the handbook. Although Farmer filed a response, she presented no evidence to the court and moved for additional time to conduct discovery. On December 17, 1992, the trial court granted and signed a partial summary judgment finding no genuine issue of material fact regarding the contract claim.

On April 19, 1993, Farmer filed "Plaintiff's First Supplemental Original Petition" in which she specifically abandoned her negligence claim but expressly stated she was not abandoning her contract claim. The following day, April 20, 1993, Farmer filed a "Motion for Rehearing and Abatement" of the summary judgment. On July 19, 1993, the trial court signed an order denying the rehearing. A "Final Judgment" overruling the motion for rehearing and abatement was signed August 16, 1993, by the trial court, apparently on its own motion.[1] Appellant appeals this "Final Judgment," and filed her cash deposit in lieu of bond on September 15, 1993. Appellee contends the appeal is untimely because appellant failed to perfect her appeal within ninety days from the date the summary judgment became final, April 19, 1993. We agree.

---

1. The "Final Judgment" reads:

Plaintiff's Motion for Rehearing and Abatement having been overruled by the court on July 19, 1993; and it further being called to the court's attention that Plaintiff has otherwise abandoned her cause of action sounding in negligence;

It is therefore ORDERED, ADJUDGED and DECREED that Plaintiff, Linda Katherine Farmer, take nothing of or from Defendant, Ben E. Keith Company in this cause.

It is further ORDERED, ADJUDGED and DECREED that court costs in this matter shall be borne by the party upon whose behalf same were expended.

All relief not expressly granted is ORDERED denied.

Signed and entered this *16th* day of *August*, 1993.

To be final and appealable, a summary judgment must dispose of all issues and parties in the lawsuit. *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984). If the summary judgment does not dispose of all issues it is interlocutory, and an appellant can not properly appeal from it. A motion for dismissal ends the litigation by disposing of all outstanding issues and parties in the case. *Greenberg v. Brookshire*, 640 S.W.2d 870, 871–72 (Tex.1982). Abandonment of a cause of action serves the same result. *See* Tex. R.Civ.P. 162.[2] A plaintiff has an absolute right to end the lawsuit unless the defendant has a claim for affirmative relief pending at the time the motion is filed. *BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex.1990); *Progressive Ins. Companies v. Hartman*, 788 S.W.2d 424, 427 (Tex.App.— Dallas 1990, no writ); Tex.R.Civ.P. 162. The right to abandon an action exists at the moment the pleading is filed, and any granting of the abandonment, or dismissal, by the trial judge is merely ministerial. *Shadowbrook Apartments v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex.1990); *Greenberg*, 640 S.W.2d at 872.

In the instant case, we construe the "Plaintiff's First Supplemental Original Petition" to be a motion for dismissal. When a party has mistakenly designated any plea or pleading, the court shall treat the plea or pleading as if it has been properly designated if justice so requires. Tex.R.Civ.P. 71. We look to the substance of the pleading not merely its title. *State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex.1980) (motion for summary judgment construed to be a motion to invoke the statutory remedy of suspending law license). Appellant's petition ended the litigation by disposing of all outstanding issues in the case and was in effect a motion to dismiss. The resurgence of her contract claim in the sup-

plemental petition, on which partial summary judgment had previously been granted, achieved no purpose. As a motion for dismissal, "Plaintiff's First Supplemental Original Petition" caused the preceding partial summary judgment to become a final judgment. *See Merrill Lynch Relocation Management, Inc. v. Powell*, 824 S.W.2d 804, 806 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding). In this case no formal order was needed to effect a final, appealable judgment. *See Strawder v. Thomas*, 846 S.W.2d 51, 59 (Tex.App.—Corpus Christi 1992, no writ).

We further construe appellant's "Motion for Rehearing and Abatement" to be a timely motion for new trial. Tex.R.Civ.P. 71, 329b(a). When a motion for new trial has been filed, an appellant has ninety days from when a judgment becomes final to perfect an appeal by the filing of a bond or cash in lieu of bond. Tex.R.App.P. 41(a)(1). The effect of appellant's motion was to allow appellant ninety days from April 20, 1993 to perfect her appeal. The filing of the bond on September 15, 1993 was well beyond the ninetieth day.

Moreover, we conclude the "Final Judgment" of August 16, 1993 is void as a matter of law because the trial court was without plenary power when it was signed. The trial court has plenary power to vacate, modify, correct, or reform its judgment within thirty days after the judgment is signed or thirty days after timely motions for new trial are either expressly overruled or overruled by operation of law, whichever occurs first. Tex.R.Civ.P. 329b(d), (e). The court's plenary power expired August 5, 1993, thirty days after the motion for new trial was overruled by operation of law. Tex.R.Civ.P. 329b(e). The July 19, 1993 order, denying appellant's

---

2. Rule 162 provides:

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a nonsuit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.

Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be

heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against [the] dismissing party unless otherwise ordered by the court. Tex.R.Civ.P. 162.

motion for rehearing and abatement, was of no consequence because the motion for new trial had already been overruled by operation of law. TEX.R.CIV.P. 329b(e). Accordingly, the judgment was a nullity. Even if the July 19, 1993 order had been signed within the court's period of plenary power, a subsequent judgment, serving no other purpose than to extend the appellate timetable, is without effect. *Anderson v. Casebolt,* 493 S.W.2d 509, 510 (Tex.1973); *see also Old Republic Ins. Co. v. Scott,* 846 S.W.2d 832, 833 n. 2 (Tex.1993).

For the foregoing reasons, appellant's appeal is dismissed for want of jurisdiction.