Jose MOLINA and Elida
Molina, Appellants,

v.

KELCO TOOL & DIE, INC., Appellee.

No. 01–93–01103–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 25, 1995.

Rehearing Overruled Aug. 24, 1995.

W. Jiles Roberts, Houston, for appellants.

James B. Lewis, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and ANDELL and HEDGES, JJ.

## OPINION

HEDGES, Justice.

We withdraw our opinion of July 13, 1995, and issue this opinion in its stead.

Appellants, Jose Molina and his wife, Elida Molina, appeal the summary judgment rendered in favor of appellee, Kelco Tool & Die, Inc. In six points of error, appellants argue that the motion for summary judgment was improperly granted. Additionally, Kelco has filed a motion to dismiss the appeal for lack

of jurisdiction. We overrule Kelco's motion to dismiss and affirm the judgment of the trial court.

## Facts

Appellant Jose Molina, an employee of JLK Industries, Inc., was injured while operating a punch press manufactured by Johnson Machine and Press, Inc. (hereinafter Johnson), a subsidiary of JLK. On August 10, 1990, he dropped a piece of metal on the floor and reached into the press to retrieve it. In doing so, he accidentally touched the automatic foot trigger and released the press. Three of his fingers were crushed. Appellants filed a product liability and negligence suit against South Bend Lathe, Inc. and its subsidiary Johnson, the manufacturers of the press, and Kelco, the manufacturer of the press's molding die.

Appellants alleged that both the punch press and the die were unreasonably dangerous. They asserted that the die was inadequately guarded, that Jose Molina was neither warned of the product's danger nor provided suitable instructions for its use, and that defendants were negligent in the design, manufacture, and placement of a defectively designed die in the stream of commerce.

On April 29, 1993, Kelco filed a motion for summary judgment based primarily on the ground that as a producer of a component part, it could not be held liable for the defective design, manufacture, or marketing of the press as a whole. Additionally, Kelco argued that there was no evidence to show that the die it manufactured was defective. On September 15, 1993, the trial court granted Kelco's motion for summary judgment.

On September 14, 1993, appellants amended their petition, dropping all parties except Kelco. The pleading was received by and filed with the clerk of the court on September 16, 1993. In their second amended petition, appellants alleged that Mr. Molina's injury was caused solely by Kelco's die and that Kelco acted negligently by placing an unreasonably dangerous product in the stream of commerce. On October 13, 1993, the trial court rendered and signed a final take-nothing judgment against the Molinas.

## Motion to Dismiss

In its motion to dismiss this appeal for lack of jurisdiction, Kelco contends that because appellants did not timely file an appeal bond, they have failed to properly perfect their appeal.

■ If no motion for new trial has been filed, an appeal bond or other perfecting instrument must be filed with the district clerk within 30 days after the signing of a final judgment. TEX.R.APP.P. 41(a)(1). The time period for filing an appeal bond or its equivalent is jurisdictional. *Davies v. Massey*, 561 S.W.2d 799, 801 (Tex.1978). The failure to file a timely appeal bond will result in the dismissal of the appeal. *Wadkins v. Diversified Contractors*, 714 S.W.2d 136, 137 (Tex.App.—Houston [1st Dist.] 1986, no writ).

■ Kelco asserts that the summary judgment rendered in its favor on September 15, 1993, was a final, appealable judgment. An order granting summary judgment must dispose of all issues and parties in a case before it can be appealed. *New York Underwriters Ins. Co., v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex.1990). Kelco claims that what would be an otherwise interlocutory judgment was made final by appellants' nonsuit of all defendants except Kelco in their second amended petition.

■ Kelco argues that the Molinas' second amended petition was mailed on September 14, 1993, and under TEX.R.CIV.P. 5, a petition is deemed filed on the date it was mailed. Omitting the names of parties to a suit from an amended petition operates the same as a formal order of dismissal. *Mercure Co., N.V. v. Rowland*, 715 S.W.2d 677, 679 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Therefore, because Kelco was the only remaining defendant at the time the motion for summary judgment was granted, and because the order disposed of all remaining issues, the September 15 order was a final, appealable judgment. Kelco contends that the appellate timetables, which began to run based on the September 15 order, required that appellants perfect their appeal by October 15, 1993. Kelco argues that because an

appeal bond was not filed until November 12, 1993, more than 30 days late, this Court does not have jurisdiction to hear this appeal.

■ Alternatively, Kelco argues that the appellate timetables began on September 16, 1993, the date the Molinas' amended petition was received by the district clerk. A supplemental petition that abandons all outstanding claims but reasserts a claim on an issue previously disposed of by partial summary judgment makes the interlocutory summary judgment a final, appealable order. *Farmer v. Ben E. Keith Co.*, 886 S.W.2d 492 (Tex.App.—Fort Worth 1994, no writ). In this case, the intentional omission of the other defendants' names from appellants' amended petition effectively disposed of all remaining parties to the suit. Kelco argues that under the *Farmer* court's reasoning, the disposition of all other parties made the interlocutory summary judgment final and triggered the appellate timetables. Therefore, the bond filed by the Molinas on November 12, 1993 would be untimely.

■ Kelco further argues that the judgment of September 15, 1993, was final because when a trial court enters a second judgment, the first prevails and the second is a nullity unless it specifically vacates the first. *Lawrence Sys., Inc. v. Superior Feeders, Inc.*, 880 S.W.2d 203, 210 (Tex.App.—Amarillo 1994, writ denied). Moreover, a trial court cannot re-enter an identical judgment for the sole purpose of extending the appellate timetable. *Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex.1973); *Owens–Corning Fiberglas Corp. v. Wasiak*, 883 S.W.2d 402, 407 (Tex.App.—Austin 1994, no writ). Kelco asserts that the October 13, 1993, order did not modify, correct or reform the previous summary judgment order, and it did not enlarge appellants' time for perfecting their appeal.

■ We hold that appellants' cost bond was timely filed, and that, therefore, we have jurisdiction of this appeal. We agree with Kelco that the judgment became final on September 16 when appellants' amended pleading nonsuiting all other parties except Kelco was actually received by the trial court. However, under these circumstances,

the appellate timetables did not begin to run until the signing of the October 13 order. Even though the signing of that order was merely a ministerial act, it was necessary to trigger the appellate timetables. *See Harris County Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194 (Tex.App.—Houston [1st Dist.] 1994, no writ).

The last day for filing appellants' cost bond was November 12, 1993. The bond was mailed on November 12, 1993 and filed with the clerk on November 15, 1993. If a document is mailed "on or before the last day for filing the same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time." Tex.R.App.P. 4(b). Therefore, appellants timely filed their cost bond and properly perfected their appeal.

Kelco also contends that this Court should dismiss the appeal because appellants failed to comply with this Court's order to file an amended brief complying with Tex.R.App.P. 74(d), (f) by October 15, 1994. We disagree. Because October 15 fell on a Saturday, Tex.R.App.P. 5 extended the time for timely filing a document until the next day that is not a Saturday, Sunday, or legal holiday, which was Monday, October 17, 1994. Appellants mailed their amended brief on October 17, 1994, and, therefore, timely filed their amended brief within the specified time period. *See* Tex.R.App.P. 4(b), 5.

We overrule Kelco's motion to dismiss for want of jurisdiction.

### Summary Judgment

In their first point of error, appellants assert that the trial court erred in granting summary judgment for Kelco "when it did not expressly set forth specific grounds for summary judgment." Appellants further assert that "[n]one of the . . . grounds [in Kelco's motion for summary judgment] set forth a specific ground for the granting of a motion for summary judgment. . . ." We understand this point of error to mean that Kelco did not expressly set forth its grounds for summary judgment in its motion. Appellants further assert that this Court cannot consider Kelco's brief as a basis for summary judgment.

■ Appellants rely on *McConnell v. Southside School District*, 858 S.W.2d 337 (Tex.1993). *McConnell* holds that a motion for summary judgment must itself expressly present the grounds upon which it is made. 858 S.W.2d at 341. A motion must stand or fall on the grounds expressly presented in the motion. In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence. *Id.*

Kelco's motion listed the following grounds for summary judgment:

1. Plaintiffs cannot meet their burden under the summary judgment standard;

2. Kelco did not assemble, manufacture, or market the press which Plaintiffs allege to be defective, so it cannot be held responsible for any defective design, manufacture, or marketing of the press, as a whole;

3. The die provided by Kelco is not defective, and it met all specifications provided by the purchaser, JLK Industries, Inc., as well as all government and industry standards so Kelco cannot be held responsible for the alleged defect in the press;

4. Kelco, as a component part supplier, had no duty to analyze the design of the completed press in which its die was incorporated, so it cannot be held responsible for the alleged defect in the design, manufacture, or marketing of the press manufactured by Johnson Machine and Press Corp.

Attached to Kelco's motion was a brief in support, in which it provided argument and authorities for the grounds listed in the motion.

■ The term "grounds" refers to the reasons entitling the movant to summary judgment. *McConnell*, 858 S.W.2d at 339 n. 2. Grounds for summary judgment may be stated concisely, without detail and argument. *Roberts v. Southwest Texas Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex.App.—San Antonio 1991, writ denied), *quoted in McConnell*, 858 S.W.2d at 340. Although a trial court may not consider a brief in support of a motion for summary judgment in determining whether summary judgment grounds are expressly presented, it may consider the brief as guidance in making a determination whether the summary judgment evidence demonstrates that the movant is entitled to judgment. *McConnell*, 858 S.W.2d at 341.

■ We hold that Kelco's grounds for summary judgment were expressly presented in its motion for summary judgment.

We overrule point of error one.

In points of error two through five, appellants assert variations of the argument that the trial court erred in granting the motion for summary judgment because Kelco did not meet its burden of establishing that no genuine issue of material fact existed. In its motion for summary judgment, Kelco argued that, as a component part manufacturer, it did not have a duty to analyze the design of the completed press. As a result, Kelco contended it cannot be held responsible for any defect in the design, manufacture, or marketing of the press produced by Johnson Machine.

■ A component part manufacturer that supplies a product in accordance with a purchaser's specifications is free from strict liability if the component part itself is not defective. *See Davis v. Dresser Indus., Inc.*, 800 S.W.2d 369, 370 (Tex.App.—Eastland 1990, writ denied); *Bennett v. Span Indus., Inc.*, 628 S.W.2d 470, 472–73 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.). The summary judgment evidence establishes that the die manufactured by Kelco met Johnson Press's specifications and was integrated into the larger unit before distribution. Therefore, the trial court did not err in finding that Kelco was not responsible for the design defects, if any, in the press.

■ Kelco also contends that the die itself was not defective. In support of this contention, it attached the affidavits of Kenneth Kelly, president of Kelco, and of Philip McMahon, president of JLK Industries, Inc. In his first affidavit, Mr. Kelly states that "[t]he die complies with all industry and government standards and specifications, as well as specifications of the purchaser, JLK Industries, Inc.... I am familiar with the industry and government standards and

specifications which apply to dies of this type." Mr. McMahon states that "[t]he die was manufactured according to the standards, guidelines and specifications provided and it has not malfunctioned in any way." This evidence is sufficient to negate as a matter of law allegations that Kelco was negligent in the design of the die, absent controverting evidence presented by appellants.

Appellants offer no evidence to establish that the die itself, independent of its integration in the press, was defective. As supporting evidence that the design of the die itself was defective, appellants offered the affidavit of their expert, Homer Thornhill, and an excerpt from the Accident Prevention Manual for Industrial Operations. Neither establishes the existence of a genuine issue of material fact.

Mr. Thornhill's affidavit states that he had personal knowledge of "machinery safeguarding concepts." It concludes by stating that "[p]ermanently attached guards could and should have been attached to the die involved in the injury to Jose Molina. Without same the die was unreasonably dangerous *for use in the press.*" This affidavit does not state that the die *itself* was unreasonably dangerous; rather, it states that the die *as used in the press* was negligently designed. Therefore, the affidavit does not raise a genuine issue of material fact about negligent design of the die standing alone.

The manual excerpt attached to the summary judgment proof states that die enclosure guards provide the most positive protection and most effectively prevent operators from placing hands into the point of operation. Although it is clearly inadmissible hearsay, Kelco waived any error by failure to object. Nonetheless, the excerpt does not resurrect a fact issue. The manual merely states that enclosure guards are most protective; it does not say that failure to place an enclosure guard on this die constitutes negligence or represents a design defect.

We are persuaded that the trial court did not err in granting Kelco's motion for summary judgment because this record demonstrates no genuine issue of material fact regarding any negligent act by Kelco or any liability for unreasonably dangerous design.

We overrule points of error two, three, four, and five.

■ In point of error six, appellants allege that the trial court did not rule on their negligence and gross negligence causes of action. We disagree. The negligence and gross negligence causes of action are exactly what the court ruled on. Based on its general ruling on the grounds set forth in Kelco's motion for summary judgment, we ascertain that the trial court concluded, as a matter of law, (1) that Kelco did not owe appellants a duty regarding the unreasonably dangerous condition, if any, of the press; and (2) there was no defect in the design of the die. These two conclusions necessarily undermine appellants' negligence and gross negligence causes of action.

We overrule point of error six.

We affirm the judgment of the trial court.