Dismissed and Opinion filed August 15, 2002









Dismissed and Opinion filed August 15, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00590-CV

____________

 

KATHERINE S. YOUNGBLOOD, Appellant

 

V.

 

JUDICIAL WATCH, INC., Appellee

 



 

On
Appeal from the 80th District Court

Harris
County, Texas

Trial
Court Cause No. 01-39380

 



 

M E M O R A N D U M  O
P I N I O N

This is an appeal from a summary judgment order signed on
March 4, 2002.  On June 24, 2002,
appellee filed a motion to dismiss the appeal, claiming that the summary
judgment order is interlocutory.  We
agree, and dismiss the appeal.








Appellant initially filed suit in county court, alleging
claims arising from appellant=s employment relationship with appellee.  Appellant then filed another lawsuit in the
80th District Court seeking salary and other damages arising from her
employment with appellee.  On December
13, 2001, appellee filed a motion for summary judgment on all claims asserted
in the district court, except for a quantum meruit claim for the period of
January 3, 2001 to January 31, 2001.  On
March 4, 2002, the district court granted appellee=s motion for summary judgment. 

On May 9, 2002, appellee filed a motion in the county court
to transfer and consolidate appellant=s county court claims with the
limited quantum meruit claim still pending in the district court.  On May 10, 2002, appellant filed an amended
petition in the district court dropping all claims remaining.  On May 14, 2002, the county court granted the
motion to transfer and consolidate.  On
June 6, 2002, appellant filed a notice of appeal of the district court=s summary judgment order.

Appellee filed a motion to dismiss in this court, asserting
that, because claims remain pending in the district court, the summary judgment
from which appellant is appealing is not final and appealable.  Accordingly, appellee asks that we dismiss
the appeal for lack of jurisdiction. 
Appellant responds that the judgment is final and appealable.  Appellant also filed a motion to strike the
motion to dismiss.

A final judgment is one that finally disposes of all
remaining claims and parties.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001).  Even if the judgment does not dispose of all
claims and parties, the language of an order can make it final if that language
expressly disposes of all claims and parties. 
Id.  There must be some
clear indication, other than the use of the word Afinal,@ that the trial court intended the
order to completely dispose of the entire case. 
Id. at 205.  To determine
whether an order disposes of all pending claims and parties, the appellate
court may need to look to the record in the case.  Id. at 205-06.  In Lehmann, the order did not dispose
of all pending claims and parties, and the order contained no indication that
the trial court intended to dispose of the entire case.  Id. at 206.  Accordingly, the supreme court found the
judgment was not final and appealable.  Id.









The order in this case is entitled APartial Summary Judgment,@ and specifically states that it is
granting judgment of appellant=s claims of breach of contract, quantum meruit, unjust
enrichment, fraud and misrepresentation, fraudulent inducement, estoppel, and
waiver.  Regarding the quantum meruit
claim, the order states that judgment is granted for all time periods except
January 3, 2001 to January 31, 2001. 
Thus, the language of the order indicates that at least one claim is not
adjudicated by the summary judgment order. 
No language in the order suggests the trial court intended to dispose of
the entire case.  Thus, because there is
at least one claim pending, the judgment cannot be final.  Furthermore, the county court granted a
motion to transfer appellant=s case pending in county court to the district court for
consolidation with the quantum meruit claim still pending in district
court.  Appellant does not dispute that
these claims from the county court case also remain pending as they were not
before the district court when it granted the partial summary judgment.








Appellant contends the March 4th order is final and
appealable because she filed an amended petition on May 10th withdrawing all
pending claims.  The Supreme Court
addressed a similar situation in Farmer v. Ben E. Keith Co., 907 S.W.2d
495 (Tex. 1995). There, the trial court granted a partial summary judgment by
order dated December 17, 1992.   Id.  On April 19, 1993, the appellant filed a
supplemental petition abandoning the claim not addressed in the summary
judgment order.  Id. at 496.  On August 16, 1993, the trial court entered
an order purporting to be a final judgment. 
Id.  On September 15, 1993,
the appellant perfected his appeal.  Id.  The court of appeals had dismissed the appeal
as untimely filed, finding that the appellate timetables began to run from the
date of filing of the supplemental petition. 
Id. (citing Farmer v. Ben E. Keith Co., 886 S.W.2d 492 (Tex. App.BFort Worth 1994), rev=d, 907 S.W.2d 495 (Tex. 1995)).  The supreme court disagreed, noting that
appellate timetables run from the signing date of whatever order makes the
judgment final, i.e., whatever order disposes of the pending parties or
claims before the trial court.  907
S.W.2d at 496.  The appellate timetables
do not commence to run other than by signed, written order, even when the
signing of such an order is purely ministerial. 
Id.  Thus, the supreme
court found that the August 16th order was the trigger for the appellate
timetable and found the notice of appeal timely.  Id. at 496-97.  See also Molina v. Kelco Tool & Die,
Inc., 904 S.W.2d 857 (Tex. App.BHouston [1st Dist.] 1995, writ
denied)(overruling motion to dismiss for lack of jurisdiction where trial court
signed partial summary judgment order on September 15, 1993, amended petition
dropped pending parties filed on September 16, 1993, final judgment granted by
order on October 13, 1993, and notice of appeal filed November 12, 1993).

As we have held previously, the March 4th order is
interlocutory because it did not adjudicate all claims.  Although appellant attempted to abandon the
remaining claims by filing an amended petition dropping the pending claims, the
appellate timetable for perfection of appeal does not run from the date of the
filing of a pleading.  The appellate
timetable begins to run from the date of a signed, final judgment or a signed
order that renders a partial judgment final. 
Farmer, 907 S.W.2d at 496. The trial court in this case has not
yet signed a final judgment. 

Because the summary judgment order in this case is not final
and appealable, we grant appellee=s motion and order the appeal
dismissed.  We further deny appellant=s motion to strike the motion to
dismiss. 

 

PER CURIAM

 

 

Judgment rendered
and Opinion filed August 15, 2002.

Panel consists of
Justices Yates, Seymore, and Guzman.

Do not publish ‑
Tex. R. App. P. 47.3(b).