

# Fourth Court of Appeals
## San Antonio, Texas

April 2, 2015

No. 04-15-00068-CV

John M. **DONOHUE**,
Appellant

v.

Perla **DOMINGUEZ** and Kevin Nakata, In Their Individual Capacaties,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-12457
Honorable Laura Salinas, Judge Presiding

## O R D E R

Appellant appeals an order granting two motions to dismiss that were filed based on claims of immunity under the Texas Tort Claims Act. The order was signed January 8, 2015. Appellant filed an interlocutory appeal pursuant to section 51.014(a)(8) of the Texas Civil Practice & Remedies Code, which permits interlocutory appeals from grants or denials of pleas to the jurisdiction.[1] Thus, the notice of appeal was due January 28, 2015, or a motion for extension of time to file the notice of appeal was due fifteen days later on February 12, 2015. *See* TEX. R. APP. P. 26.1(c), 26.3. Appellant did not file a timely notice of appeal or a motion for extension of time to file the notice of appeal. However, on February 6, 2015, appellant filed a notice of appeal in this court.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997). However, the appellant must offer a reasonable

---

[1] It appears an interlocutory appeal was appellant's only choice because there is nothing in the record to establish that appellant's claims against one of the original defendants, the San Antonio Police Department Chief of Police, has been disposed of by amendment, nonsuit, or order. Appellant amended out all the original defendants except the Chief of Police and the two individual police officers, Perla Dominguez and Kevin Nakata. We also note that in amending his complaints, appellant specifically removed his claims against the defendants in their official capacities, seeking relief against them only in their individual capacities.

explanation for failing to file the notice of appeal timely. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C); *see also Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989).[2]

We therefore **order** that appellant may file, on or before **April 22, 2015**, a response offering a reasonable explanation for failing to file the notice of appeal timely. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(a), (c). All deadlines in this matter are suspended until further order of the court.

We order the clerk of this court to serve a copy of this order on appellant and all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 2nd day of April, 2015.

_____
Keith E. Hottle
Clerk of Court

---

[2] Additionally, a notice of appeal may appear to be late filed if placed in the mail according to Rule 9.2(b) of the Texas Rules of Appellate Procedure. *See, e.g., Molina v. Kelco Tool & Die, Inc.*, 904 S.W.2d 857, 860 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *see also* TEX. R. APP. P. 9.2(b). Rule 9.2(b) requires, among other things, that the document in question be deposited in the mail on or before the last day for filing, which in this case was February 6, 2015. TEX. R. APP. P. 9.2(b). This rule will not provide appellant with relief because the certificate of service on his notice of appeal specifically states he placed the notice in the mail on February 1, 2015, five days past the last day for filing the notice of appeal. *See* TEX. R. APP. P. 9.2(b).