

# Fourth Court of Appeals
## San Antonio, Texas

April 29, 2015

No. 04-15-00068-CV

John M. **DONOHUE**,
Appellant

v.

Perla **DOMINGUEZ** and Kevin Nakata, In Their Individual Capacaties,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-12457
Honorable Laura Salinas, Judge Presiding

# O R D E R

Appellant appeals an order granting two motions to dismiss that were filed based on claims of immunity under the Texas Tort Claims Act.  The order was signed January 8, 2015.  Appellant filed an interlocutory appeal pursuant to section 51.014(a)(8) of the Texas Civil Practice & Remedies Code, which permits interlocutory appeals from grants or denials of pleas to the jurisdiction.[1]  Thus, the notice of appeal was due January 28, 2015, or a motion for extension of time to file the notice of appeal was due fifteen days later on February 12, 2015.  *See* TEX. R. APP. P. 26.1(c), 26.3.  Appellant did not file a timely notice of appeal or a motion for extension of time to file the notice of appeal.  However, on February 6, 2015, appellant filed a notice of appeal in this court.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time.  *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997).  However, the appellant must offer a reasonable explanation for failing to file the notice of appeal timely.  *See id.*; TEX. R. APP. P. 26.3,

---

[1] It appears an interlocutory appeal was appellant's only choice because there is nothing in the record to establish that appellant's claims against one of the original defendants, the San Antonio Police Department Chief of Police, has been disposed of by amendment, nonsuit, or order.  Appellant amended out all the original defendants except the Chief of Police and the two individual police officers, Perla Dominguez and Kevin Nakata.  We also note that in amending his complaints, appellant specifically removed his claims against the defendants in their official capacities, seeking relief against them only in their individual capacities.

10.5(b)(1)(C); *see also Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989).[2]  We therefore rendered an order advising appellant that he could file a response offering a reasonable explanation for failing to file the notice of appeal timely.  We advised appellant that if he failed to satisfactorily respond within the time provided, the appeal would be dismissed.  *See* TEX. R. APP. P. 42.3(a), (c).

Appellant timely filed a response to our order and after review, we find appellant provided a reasonable explanation for his failure to timely file the notice of appeal.  *See Verburgt*, 959 S.W.2d at 615.  Accordingly, we will retain the appeal on the docket and we **ORDER** the appellate deadlines reinstated.  At the time of our previous order, the clerk's record had been filed — there is no reporter's record — and therefore appellant's brief is due.

We **ORDER** appellant to file his brief in this court on or before **May 29, 2015**.  We advise appellant that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules, including the rules governing appellate briefs.  *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); TEX. R. APP. P. 38.1.  We further advise appellant that this court may consider appellate complaints waived due to inadequate briefing if appellant's brief does not comply with the requirements of Rule 38.1 of the Texas Rules of Appellate Procedure.  *See, e.g., Lott v. First Bank*, No. 04-13-00531-CV, 2014 WL 4922896, at *2 (Tex. App.—San Antonio Oct. 1, 2014, no pet.) (mem. op.); *Castillo v. Peoples*, No. 04-13-00311-CV, 2014 WL 1089750, at *3 (Tex. App.—San Antonio Mar. 19, 2014, pet. denied) (mem. op.).

We **order** the clerk of this court to serve a copy of this order on appellant and all counsel.


_____
Marialyn Barnard, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of April, 2015.

_____
Keith E. Hottle
Clerk of Court

---

[2] Additionally, a notice of appeal may appear to be late filed if placed in the mail according to Rule 9.2(b) of the Texas Rules of Appellate Procedure.  *See, e.g., Molina v. Kelco Tool & Die, Inc.*, 904 S.W.2d 857, 860 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *see also* TEX. R. APP. P. 9.2(b). Rule 9.2(b) requires, among other things, that the document in question be deposited in the mail on or before the last day for filing, which in this case was February 6, 2015.  TEX. R. APP. P. 9.2(b).  This rule does not provide appellant with relief in this case because the certificate of service on his notice of appeal specifically states he placed the notice in the mail on February 1, 2015, five days past the last day for filing the notice of appeal.  *See* TEX. R. APP. P. 9.2(b).