**John and Vicki BARR, Appellant,**

v.

**AAA TEXAS, LLC, Appellee.**

No. 10–03–00243–CV.

Court of Appeals of Texas, Waco.

March 23, 2005.

Mitchell Madden, Law Office of Mitchell Madden, Dallas, for appellant.

A.W. Arnold, Casey Erick, A.W. Arnold & Associates, Dallas, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

John and Vicki Barr appeal a take-nothing judgment rendered in a bench trial. The Barrs filed suit against AAA Texas, LLC and Terry Davis dba D & D Wrecker Service for negligence and breach of contract in connection with the towing of John's car, which had broken down. The Barrs contend in five issues that: (1) they offered some evidence to establish that the costs of repair for the car were reasonable and necessary; (2) the court erred by granting AAA's motion for judgment at

the conclusion of the Barrs' case-in-chief because they offered this evidence; (3) they adequately designated a witness to provide expert testimony regarding the reasonableness and necessity of the cost of repairs; (4) the court abused its discretion by not permitting this witness to testify regarding the reasonableness and necessity of the cost of repairs; and (5) the court abused its discretion by denying two continuance motions.

## Background

The Barrs' son was driving John's 1974 Cadillac El Dorado convertible from Dallas to Ft. Worth when it broke down. John called AAA to arrange for the car to be towed. AAA had D & D Wrecker Service tow the car. John contends that D & D damaged the front end of the car when it towed it. Aristaacraft Paint & Body repaired John's car. Aristaacraft initially charged John $8,270 for the repairs but after negotiations agreed to accept $5,000.

The Barrs filed suit against D & D and AAA alleging that AAA breached the membership agreement it had with Vicki, that AAA negligently referred the towing job to D & D, and that D & D negligently towed the Barrs' car.

## Sufficiency Of The Evidence

The Barrs contend in their first issue that they offered "some competent evidence" that the cost of repairs was reasonable and necessary. They contend in their second issue that the court erred by granting AAA's motion for judgment because they offered this evidence. Because this was a bench trial however, the court's granting of AAA's motion for judgment will be overturned only if the judgment is contrary to the great weight and preponderance of the evidence.

The Barrs cite the standard of review for the granting of a directed verdict as the applicable standard for this case. However, the standard of review is different because the trial court is the finder of fact.

A directed verdict for a defendant may be proper in two situations. First, a court may direct a verdict when a plaintiff fails to present evidence raising a fact issue essential to the plaintiff's right of recovery. Second, as other courts have held, a trial court may direct a verdict for the defendant if the plaintiff admits or the evidence conclusively establishes a defense to the plaintiff's cause of action.

*Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex.2000) (citations omitted). Therefore, "[i]n reviewing a directed verdict, we decide whether there is any evidence of probative value to raise an issue of material fact on the question presented. We examine the evidence in the light most favorable to the party suffering the adverse judgment." *Bostrom Seating, Inc. v. Crane Carrier Co.*, 140 S.W.3d 681, 684 (Tex.2004) (citations omitted).

In a bench trial however, the trial court is the finder of fact. Thus, when a defendant moves for judgment at the conclusion of the plaintiff's case in chief, a trial court may grant the motion under either of the scenarios for which a directed verdict may be granted in a jury trial, but the court may also grant the motion if the court concludes that the plaintiff's evidence is factually insufficient. *See Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417, 422 (Tex.1993) (citing *Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 304–05 (Tex.1988)); *see also Hatch v. Williams*, 110 S.W.3d 516, 521 (Tex.App.-Waco 2003, no pet.).

Therefore, even if the plaintiff presented more than a scintilla of evidence on

each element of a cause of action, this Court will reverse the grant of a motion for judgment in a bench trial only if the implied findings supporting the judgment are "so against the great weight and preponderance as to be manifestly unjust." *Golden Eagle Archery, Inc. v. Jackson,* 116 S.W.3d 757, 761 (Tex.2003).

Here, no witness testified that the $5,000 the Barrs paid for the repair of the car was a reasonable and necessary charge. The Barrs contend that the fact they paid this much after negotiating with Aristaacraft over the amount owed constitutes evidence "that the amount ultimately paid was reasonable."

■ However, "[e]vidence of the amounts charged and paid, standing alone, is no evidence that such payment was reasonable and necessary." *Mustang Pipeline Co. v. Driver Pipeline Co.,* 134 S.W.3d 195, 200–01 (Tex.2004). The fact that the Barrs and Aristaacraft negotiated a different payment than Aristaacraft initially charged is no evidence that the amount ultimately agreed to was a reasonable and necessary charge for repairs.

Therefore, even when viewed in a light most favorable to the Barrs, they presented no evidence that $5,000 was a reasonable and necessary charge for the repairs to the car. Accordingly, we overrule their first two issues.

### Designation of Expert Witness

■ The Barrs contend in their third and fourth issues that they adequately designated Aristaacraft owner Jerry Condra as an expert in their discovery responses and that the court abused its discretion by excluding his testimony on the issue of the reasonableness and necessity of the cost of repairs.

AAA served a standard request for disclosure on the Barrs. In response, the Barrs identified Condra as a person with knowledge of relevant facts. AAA objected when the Barrs called Condra to provide expert testimony that the cost of repairs was reasonable and necessary. The Barrs replied that including a copy of the repair bill in their discovery response gave AAA adequate notice "as to what [Condra] would testify to with the reasonable and necessary charges for the repairs."

For testifying experts, Rule of Civil Procedure 194.2(f) permits a party to request disclosure of:

(1) the expert's name, address, and telephone number;

(2) the subject matter on which the expert will testify;

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B) the expert's current resume and bibliography.

TEX.R. CIV. P. 194.2(f).

Here, the parties do not dispute that Condra was not a retained expert. Therefore, the Barrs were required by Rule 194.2(f) to disclose: (1) Condra's name, address, and telephone number; (2) the subject matter of his testimony; and (3) "the general substance of [Condra's] mental impressions and opinions and [docu-

ments reflecting] a brief summary of the basis for them." *Id.*

The Barrs never disclosed in their discovery responses that Condra would testify as an expert or that Condra would testify about the reasonableness and necessity of the repair costs (*i.e.* the "subject matter of his testimony" and "the general substance of [his] mental impressions and opinions"). Thus, the Barrs did not provide the disclosure required by Rule 194.2(f).

Rule 193.6 prohibits a party from offering evidence which was not timely disclosed in a discovery response "unless the court finds that:

(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

(2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties."

TEX.R. CIV. P. 193.6(a). The party seeking to offer the evidence at issue has the burden to establish good cause or lack of unfair surprise or prejudice. *Id.* 193.6(b).

The Barrs did not disclose the information required by Rule 194.2(f). The only explanation they offered for their failure to disclose was that Condra was not under their control because of their dispute with him over the charges. We hold as a matter of law that this is not good cause for the failure to disclose. It would have been a simple matter for the Barrs to provide a discovery response: (1) identifying Condra as an expert, (2) stating that Condra would provide expert testimony regarding reasonable and necessary costs of repair, and (3) attaching the final bill as documentation to support the opinion.

The Barrs also contend that AAA was not surprised or prejudiced because their disclosure to AAA of Condra's invoices and the correspondence regarding the Barrs' dispute with Condra over the amount they would pay him gave AAA sufficient notice that Condra had knowledge regarding the reasonableness and necessity of the charges. We construe this as a contention that AAA should have anticipated that the Barrs would call Condra to establish this element of their claim.

However, "[t]he rules were revised to make that sort of anticipation unnecessary." *Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 272 (Tex.App.-Austin 2002, pet. denied) (quoting *Snider v. Stanley*, 44 S.W.3d 713, 717 (Tex.App.-Beaumont 2001, pet. denied)); *see also Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex.1992) ("A party is entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper interrogatory.") (quoting *Sharp v. Broadway Natl. Bank*, 784 S.W.2d 669, 671 (Tex. 1990) (per curiam)).

Finally, the Barrs contend that the court should have permitted Condra to provide lay opinion testimony regarding the reasonableness and necessity of the charges. However, the Barrs did not ask the trial court to allow Condra to give lay opinion testimony on this issue. Thus, they cannot pursue this theory of admissibility on appeal. *See* TEX.R.APP. P. 33.1(a)(1); *Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 352 (Tex.App.-Austin 2002, pet. denied).

Accordingly, the Barrs' third and fourth issues are overruled.

### Denial of Continuances

 The Barrs contend in their fifth issue that the court abused its discretion by denying their continuance motions.

The Barrs filed a verified continuance motion before trial seeking additional time to obtain substituted service on D & D,

which they had thus far been unable to serve. The trial court denied this motion.

After the court refused to allow Condra to testify regarding the reasonableness and necessity of the charges and refused to allow the Barrs' attorney to testify about attorney's fees (because counsel had not been listed as a potential expert witness), the Barrs requested a continuance to supplement their discovery responses. The court denied this request as well.

■ We review the trial court's ruling on a continuance motion under an abuse-of-discretion standard. *See Joe v. Two Thirty Nine Jt. Venture,* 145 S.W.3d 150, 161 (Tex.2004).

With regard to the Barrs' pretrial continuance motion, it should be noted that the Barrs' claims against D & D are all grounded in negligence. The statute of limitations for negligence claims involving damage to personal property is two years. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon 2002); *Esquivel v. Murray Guard, Inc.,* 992 S.W.2d 536, 539–40 (Tex.App.-Houston [14th Dist.] 1999, pet. denied); *Toro v. First City Bank–Westheimer Plaza, N.A.,* 821 S.W.2d 633, 634 (Tex.App.-Houston [1st Dist.] 1991, writ denied).

The Barrs filed their original petition more than two years after the date D & D towed their car. Therefore, their claims against D & D are barred by limitations, and we cannot say that the court abused its discretion by denying their pretrial continuance motion.

With regard to the Barrs' verbal request for a continuance after the court excluded Condra's expert opinion testimony and their own counsel's testimony regarding

attorney's fees, Rule 193.6(c) permits a trial court to "grant a continuance or temporarily postpone the trial" to allow the proponent of the evidence to amend or supplement that party's discovery responses and to allow the opposing party time for additional discovery concerning any new information revealed by the amended or supplemental discovery. Tex.R. Civ. P. 193.6(c).

■ The Supreme Court has identified several nonexclusive factors to be considered when deciding whether a trial court abuses its discretion in denying a pretrial continuance motion premised on a need for additional time to conduct discovery: "the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought." *Joe,* 145 S.W.3d at 161. We hold that these factors are likewise relevant in determining whether a trial court has abused its discretion by denying a continuance under Rule 193.6(c).

Here, the Barrs' case had been on file less than a year. The discovery sought is material to their claims for damages and for attorney's fees. However, they made no effort to respond to AAA's request for disclosure with regard to expert witnesses.

■ The requirement of expert testimony to establish reasonable and necessary attorney's fees is not new. *See e.g. E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363, 364 (Tex.1987) (per curiam); *Cantu v. Moore,* 90 S.W.3d 821, 826 (Tex. App.-San Antonio 2002, pet. denied). Likewise, expert testimony is traditionally employed to establish that costs of repair are reasonable and necessary.[1] *See e.g.*

---

1. Lay opinion testimony can be offered to prove that costs of repair are reasonable and necessary. *See McGalliard v. Kuhlmann,* 722

S.W.2d 694, 697 (Tex.1986). However, the Barrs did not seek to prove up their damages

*Llanes v. Davila,* 133 S.W.3d 635, 639–40 (Tex.App.-Corpus Christi 2003, pet. denied); *Woodlands Land Dev. Co. v. Jenkins,* 48 S.W.3d 415, 430 (Tex.App.-Beaumont 2001, no pet.).

The Barrs' original petition sought damages in an amount that is "reasonable" to compensate them for their loss and sought "reasonable [attorney's] fees." However, they made no effort to disclose the expert witnesses they intended to call to establish damages and attorney's fees. Because of their lack of diligence, we cannot say that the court abused its discretion by denying their verbal request for a continuance after excluding Condra's expert testimony and their own counsel's expert testimony. *See State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex.1988); *Finlan v. Dallas Indep. Sch. Dist.,* 90 S.W.3d 395, 412–13 (Tex.App.-Eastland 2002, pet. denied); *Grace v. Duke,* 54 S.W.3d 338, 343 (Tex. App.-Austin 2001, pet. denied).

Thus, we overrule the Barrs' fifth issue.

We affirm the judgment.

by lay opinion testimony. Rather, they proffered Condra as an expert.