NO. 07-08-0342-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 1, 2008

______________________________


ANTOIN DESHON LIVINGSTON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18,943-B; HON. JOHN B. BOARD, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON MOTION TO DISMISS
          Pending before the Court is appellant’s motion to dismiss his appeal. Appellant and
his attorney have both signed the motion. Tex. R. App. P. 42.2(a). No decision of this
Court having been delivered to date, we grant the motion. Accordingly, the appeal is
dismissed. No motion for rehearing will be entertained and our mandate will issue
forthwith.
James T. Campbell

Do not publish.                                        Justice



AUGUST 13, 2009
______________________________

SMITH SERVICES, a business unit of SMITH INTERNATIONAL, INC.,
                                                      f/k/a SMITH CO., 

                                                                                                 Appellant

v.

GRINNELL CORPORATION, 

                                                                                                 Appellee
_________________________________

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 8108; HON. KELLY G. MOORE, PRESIDING
_________________________________

Opinion
_________________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

          Smith Services, a business unit of Smith International, Inc., f/k/a Smith Co. (Smith)
appeals from two orders. The first is a final summary judgment denying it recovery against 
Grinnell Corporation (Grinnell). The second is an order granting Grinnell’s motion to strike
Smith’s second amended petition. We consider only the former since our resolution of it
is dispositive of this appeal. And, upon considering it, we affirm the judgment. 
          
          Background
          Timothy Scott was employed by Gray Wireline at a carbon dioxide injection well in
Yoakum County. While Scott was working, a metal swedge/hammer union came apart
resulting in his injury. A portion of the tool was made by Grinnell. Smith had acquired the
item for use by its employees. One of those employees, Cipriano Almager, had exchanged
the Smith swedge/hammer union with another owned by Gray Wireline. 
          Alleging a products liability claim, Scott sued Smith to redress his injuries caused
by the swedge/hammer.


 The two litigants eventually settled their dispute, but before it was
dismissed, Smith sued Grinnell for both statutory and common law indemnity. By way of
counterclaim, Grinnell sought indemnity from Smith. Competing motions for summary
judgment were filed and, after a hearing, the trial court granted that of Grinnell but denied
that of Smith. 
          A Seller Under Chapter 82
          The statutory indemnity provision underlying Smith’s claim is that found in Chapter
82 of the Texas Civil Practice and Remedies Code. Per that chapter, a manufacturer must 
indemnify and hold harmless a “seller” against loss arising out of a products liability action
except for any loss caused by the seller’s negligence, intentional misconduct, or other act
or omission. Tex. Civ. Prac. & Rem. Code Ann. §82.002(a) (Vernon 2005). Furthermore,
a “seller” is defined as one “who is engaged in the business of distributing or otherwise
placing, for any commercial purpose, in the stream of commerce for use or consumption
a product or any component part thereof.” Id. §82.001(3). According to Grinnell, Smith fell
outside the scope of the provision since it was not a “seller.” Nor was Smith an innocent
“retailer in the chain of distribution” for purposes of common law indemnity, according to
Grinnell. 
          According to the Supreme Court, the legislature intended that Chapter 82 provide
indemnity for all who stand in the position of a retailer. New Tex. Auto Auction Servs., L.P.
v. De Hernandez, 249 S.W.3d 400, 405 (Tex. 2008). This may be why it has said that the
term “seller,” under §82.001(3), connotes one “who commercially distributes a product.” 
SSP Partners v. Gladstrong Invs. Corp., 275 S.W.3d 444, 449 (Tex. 2008); accord, USX
Corp. v. Salinas, 818 S.W.2d 473, 489 (Tex. App.–San Antonio 1991, writ denied)
(involving common law indemnity and noting that indemnity serves to protect innocent
retailers and “member[s] of the marketing chain” that act “merely [as] a conduit for the
defective product”). Given the foregoing definition and the Supreme Court’s interpretation
of it, we must conclude, as a matter of law, that Smith was not a “seller” under the evidence
of record. 
          That Smith was in the business of providing services to oil companies in the form
of maintaining and repairing wells was undisputed. Similarly uncontested was the evidence
that Almager was a reverse unit operator for Smith. He did not sell swedge/hammer units. 
Nor did we find that part of his job or the business of Smith consisted of trading or
conveying such tools. Moreover, the “exchange” of tools was characterized as merely a
“casual” act between men working on a well.


 This scenario fails to evince effort by Smith
to “commercially distribute” the tools in question. Nor would it permit one to reasonably
infer that Smith’s “business” included distributing or placing the hammer into the stream of
commerce. Rather, the item was acquired for use by the company to perform services
others hired it to do. Simply put, it arrived in the hands of a Gray Wireline employee
through a casual, non-commercial swap. 
          Common Law Indemnity 
          As for common law indemnity, we note that the type expressly invoked by Smith was
that accorded to an innocent retailer. The latter status connotes one involved in the
business of passing or marketing the product to others. See Crane Carrier Co. v. Bostrom
Seating, Inc., 89 S.W.3d 153, 156 (Tex. App.–Corpus Christi 2002), rev’d on other grounds,
140 S.W.3d 681 (Tex. 2004) (stating that one must act as a mere innocent conduit for the
product to receive indemnity); USX Corp. v. Salinas, supra. Having previously determined
that nothing of record would permit one to reasonably infer that Smith marketed or
participated in the chain of marketing the swedge/hammer union to others, it cannot be
afforded common law indemnity as an innocent retailer.


 
          In sum, we conclude that Grinnell was entitled to summary judgment as a matter of
law on Smith’s indemnity claims. Therefore, the issues of Smith are overruled, and the
summary judgment in favor of Grinnell is affirmed. 


                                                                           Brian Quinn 
                                                                          Chief Justice