NO. 07-08-0140-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 13, 2009
_____

SMITH SERVICES, a business unit of SMITH INTERNATIONAL, INC.,
f/k/a SMITH CO.,

                                              Appellant

v.

GRINNELL CORPORATION,

                                              Appellee
_____

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 8108; HON. KELLY G. MOORE, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

     Smith Services, a business unit of Smith International, Inc., f/k/a Smith Co. (Smith) appeals from two orders. The first is a final summary judgment denying it recovery against Grinnell Corporation (Grinnell). The second is an order granting Grinnell's motion to strike Smith's second amended petition. We consider only the former since our resolution of it is dispositive of this appeal. And, upon considering it, we affirm the judgment.

*Background*

Timothy Scott was employed by Gray Wireline at a carbon dioxide injection well in Yoakum County. While Scott was working, a metal swedge/hammer union came apart resulting in his injury. A portion of the tool was made by Grinnell. Smith had acquired the item for use by its employees. One of those employees, Cipriano Almager, had exchanged the Smith swedge/hammer union with another owned by Gray Wireline.

Alleging a products liability claim, Scott sued Smith to redress his injuries caused by the swedge/hammer.[1] The two litigants eventually settled their dispute, but before it was dismissed, Smith sued Grinnell for both statutory and common law indemnity. By way of counterclaim, Grinnell sought indemnity from Smith. Competing motions for summary judgment were filed and, after a hearing, the trial court granted that of Grinnell but denied that of Smith.

*A Seller Under Chapter 82*

The statutory indemnity provision underlying Smith's claim is that found in Chapter 82 of the Texas Civil Practice and Remedies Code. Per that chapter, a manufacturer must indemnify and hold harmless a "seller" against loss arising out of a products liability action except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission. TEX. CIV. PRAC. & REM. CODE ANN. §82.002(a) (Vernon 2005). Furthermore, a "seller" is defined as one "who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." *Id.* §82.001(3). According to Grinnell, Smith fell

---

[1]Scott originally sued Star Tool Co. which was bought by Smith's parent company in 2001.

outside the scope of the provision since it was not a "seller." Nor was Smith an innocent "retailer in the chain of distribution" for purposes of common law indemnity, according to Grinnell.

According to the Supreme Court, the legislature intended that Chapter 82 provide indemnity for all who stand in the position of a retailer. *New Tex. Auto Auction Servs., L.P. v. De Hernandez,* 249 S.W.3d 400, 405 (Tex. 2008). This may be why it has said that the term "seller," under §82.001(3), connotes one "who commercially distributes a product." *SSP Partners v. Gladstrong Invs. Corp.*, 275 S.W.3d 444, 449 (Tex. 2008); *accord, USX Corp. v. Salinas*, 818 S.W.2d 473, 489 (Tex. App.–San Antonio 1991, writ denied) (involving common law indemnity and noting that indemnity serves to protect innocent retailers and "member[s] of the marketing chain" that act "merely [as] a conduit for the defective product"). Given the foregoing definition and the Supreme Court's interpretation of it, we must conclude, as a matter of law, that Smith was not a "seller" under the evidence of record.

That Smith was in the business of providing services to oil companies in the form of maintaining and repairing wells was undisputed. Similarly uncontested was the evidence that Almager was a reverse unit operator for Smith. He did not sell swedge/hammer units. Nor did we find that part of his job or the business of Smith consisted of trading or conveying such tools. Moreover, the "exchange" of tools was characterized as merely a "casual" act between men working on a well.[2] This scenario fails to evince effort by Smith

---

[2]Almager testified that Robbins, a Gray Wireline employee, used his swedge/hammer union to set a plug in the well bore, and when Almager sought it back, Robbins told Almager to take Robbins' swedge/hammer union and they would "be even."

3

to "commercially distribute" the tools in question.  Nor would it permit one to reasonably infer that Smith's "business" included distributing or placing the hammer into the stream of commerce.  Rather, the item was acquired for use by the company to perform services others hired it to do.  Simply put, it arrived in the hands of a Gray Wireline employee through a casual, non-commercial swap.

*Common Law Indemnity*

As for common law indemnity, we note that the type expressly invoked by Smith was that accorded to an innocent retailer.  The latter status connotes one involved in the business of passing or marketing the product to others.  *See Crane Carrier Co. v. Bostrom Seating, Inc.,* 89 S.W.3d 153, 156 (Tex. App.–Corpus Christi 2002), *rev'd on other grounds,* 140 S.W.3d 681 (Tex. 2004) (stating that one must act as a mere innocent conduit for the product to receive indemnity); *USX Corp. v. Salinas, supra.*  Having previously determined that nothing of record would permit one to reasonably infer that Smith marketed or participated in the chain of marketing the swedge/hammer union to others, it cannot be afforded common law indemnity as an innocent retailer.[3]

In sum, we conclude that Grinnell was entitled to summary judgment as a matter of law on Smith's indemnity claims.  Therefore, the issues of Smith are overruled, and the summary judgment in favor of Grinnell is affirmed.

Brian Quinn
Chief Justice

---

[3]We express no opinion on whether Smith could have been entitled to indemnity under any other theory since the two addressed were the two pled by Smith and involved in the motion for summary judgment.

4